## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## BAY CITY DIVISION

| | |
|---|---|
| PAUL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-14048 |
| ) | |
| CAPITAL ONE BANK (USA), N.A., ) | |
| d/b/a Cabela's Club, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, PAUL JONES ("Plaintiff"), by and through his attorneys, and for his Complaint against Defendant, CAPITAL ONE BANK (USA), N.A., d/b/a Cabela's Club ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This action arises pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Michigan Occupational Code ("MOC"), Mich. Comp. Law § 339.901 *et seq.*, the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Law § 445.251 *et seq.*, and for invasion of privacy by intrusion upon seclusion.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 and 15 U.S.C. § 1692k(d).

3. 28 U.S.C. § 1367 grants this Court supplemental jurisdiction over the claims arising under state law and common law.

4. Venue is proper pursuant before this Court pursuant to 28 U.S.C. § 1391(b)(2) as the acts and transactions giving rise to this action occurred in this district as Plaintiff resides in this district and Defendant transactions business in this district.

## PARTIES

5. Plaintiff is a natural person who at all times relevant resided in Millington, Tuscola County, Michigan.

6. Plaintiff is a "consumer" as defined by MCL § 339.901(f), and MCL § 445.251(1)(d).

7. Defendant is a business entity with headquarters located in Virginia.

8. Defendant is an entity who at all times relevant was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by MCL § 339.901(a), and MCL § 445.251(1)(a).

9. Defendant is a "regulated person" as defined by MCL § 445.251(1)(g).

10. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff has a Cabela's Club credit card which is issued and/or serviced by Defendant.

12. Defendant places telephone calls to telephone number (989) 882-XXXX.

13. Telephone number (989) 882-XXXX is assigned to Plaintiff's cellular telephone.

14. These telephone calls are not for emergency purposes.

15. The purpose of Defendant's calls to Plaintiff is to collect funds on the credit card which were owed, or allegedly owed, and past due ("Debt").

16. The Debt arises from transactions in which the money, property, insurance, or services were incurred primarily for personal, family, or household purposes.

17. Upon information and good faith belief, based on the frequency, number, nature and character of these calls, Defendant used an automatic telephone dialing system to place these calls.

18. On May 21, 2018, Plaintiff spoke with Defendant.

19. During the May 21st conversation Defendant identified Plaintiff's account and Plaintiff instructed Defendant to stop calling his cell phone.

20. Defendant acknowledged that it was calling Plaintiff regarding a delinquent payment and Plaintiff reiterated that he was calling to instruct Defendant to stop calling his cell phone number.

21. Plaintiff stated that he did not want to add a different number for his account, and Defendant stated it would note Plaintiff's account.

22. Defendant continued to call Plaintiff's cell phone after May 21, 2018.

23. Between May 21 and June 14, Defendant called Plaintiff's cell phone at least 72 times.

24. Defendant called Plaintiff as many as five (5) times in a single day.

25. Defendant used and automatic telephone dialing system to place each and every call to Plaintiff's cell phone.

26. Defendant did not have Plaintiff's express consent to use an automatic telephone dialing system to call his cell phone.

27. Defendant intended to harass Plaintiff with these calls in an effort to force him into making payments on the Debt.

28. Respondent's blatant disregard for Claimant's instruction and repeated calls constitute harassment.

29. Plaintiff is annoyed and feel harassed by Defendant's calls.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff re-alleges each of the foregoing as fully set forth herein.

31. Defendant's actions alleged above constitute numerous violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

32. Defendant's actions alleged above constitute numerous and multiple *knowing* and/or *willful* violations of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

33. Statutory damages of $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

34. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

35. All court costs, witness fees and other fees incurred; and

36. Awarding other and further relief as the Court may be just and proper.

## COUNT II
## MICHIGAN OCCUPATIONAL CODE

37. Plaintiff re-alleges each of the foregoing as fully set forth herein.

38. Defendant's actions alleged above constitute numerous violations of the MOC.

39. Defendant's violations of the MOC include, but are not limited to, the following:

    a) § 339.915(n) of the MOC by using a harassing, oppressive, or abusive method to collect a debt.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

40. Statutory damages of $50.00 for violating the Michigan Occupational Code pursuant to MCL § 339.916(2);

41. Statutory damages of $150.00 for willfully violating the Michigan Occupational Code pursuant to MCL § 339.916(2);

42. Reasonable attorneys' fees and court costs pursuant to MCL § 339.916(2); and

43. Awarding other and further relief as the Court may be just and proper.

## COUNT III
## MICHIGAN COLLECTION PRACTICES ACT

44. Plaintiff re-alleges each of the foregoing as fully set forth herein.

45. Defendant's actions alleged above constitute numerous violations of the MCPA.

46. Defendant's violations of the MCPA include, but are not limited to, the following:

    a) § 445.252(n) of the MCPA by using harassing, oppressive, or abusive method to collect a debt.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

47. Statutory damages of $50.00 for violating the Michigan Collection Practices Act pursuant to MCL § 445.257(2);

48. Statutory damages of $150.00 for willfully violating the Michigan Collection Practices Act pursuant to MCL § 445.257(2);

49. Reasonable attorneys' fees and court costs pursuant to MCL § 445.257(2); and

50. Awarding other and further relief as the Court may be just and proper.

## COUNT IV
## INVASION OF PRIVACY FOR INTRUSION UPON SECLUSION

51. Plaintiff re-alleges each of the foregoing as fully set forth herein.

52. Plaintiff had a reasonable expectation of privacy in her solitude seclusion, private concerns and affairs.

53. Defendant, and/or its agents, negligently and/or intentionally interfered, physically or otherwise, with the solitude, seclusion and private concerns of Plaintiff by repeatedly and unlawfully calling Plaintiff's cellular telephone, and by continuing to call Plaintiff after she clearly asked Defendant to stop.

54. The conduct of Defendant, and/or its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy, which occurred in a way that would be highly offensive to a reasonable person in that position.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

55. Equitable relief to prevent further invasions of Claimant's privacy;

56. All actual, compensatory, punitive, and other damages to which Plaintiff is entitled;

57. Award reasonable attorneys' fees, litigation expenses and costs; and

58. Awarding other and further relief as the Court may be just and proper.

                                            Respectfully submitted

Dated: December 26, 2018          /s/ Adam T. Hill
                                            Adam T. Hill
                                            KROHN & MOSS, LTD.
                                            10 N. Dearborn St., 3rd Fl.
                                            Chicago, Illinois 60602
                                            Telephone: 312-578-9428
                                            Telefax: 866-861-1390
                                            ahill@consumerlawcenter.com
                                            Attorneys for Plaintiff